Hogan, Appellant, *v.* Pennsylvania Railroad Company.

Argued October 2, 1935. Before FRAZER, C. J., KEP-HART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Jas. L. Kennedy,* for appellant.

*Robert W. Smith,* of *Smith, Best & Horn,* with him *Portser & McConnell,* for appellee.

PER CURIAM, November 25, 1935:

Plaintiff brought this action of trespass to recover for damage to her property in the village of Larimer, Westmoreland County, alleged to be due to defendant's fail-

ure to maintain an adequate and unobstructed conduit under its railroad tracks for the discharge of waters from a natural watercourse of the vicinity, as a consequence of which the waters were said to back up and lie stagnant on plaintiff's lands, ruining them for agricultural and residence purposes. The trial judge granted a nonsuit, which was sustained by the court in banc. The court below held the evidence showed it was a physical impossibility for the damage of which plaintiff complains to have been caused by the culvert in question, and a careful examination of the testimony convinces us that such is the case.

The tracks of defendant railroad run approximately east and west through the village of Larimer. Plaintiff's property lies north of and adjacent to the railroad right-of-way. Approaching from the southeast, an old watercourse (spoken of as a "wet weather" stream), from which the main stream was diverted many years ago, follows a semicircular route westwardly around the northern boundaries of plaintiff's property, past a number of other properties, and southwestwardly, under the railroad, into Brush Creek on the south side of the railroad. The object of which complaint is made in this action is an iron pipe two feet in diameter, laid to carry the flow of this watercourse under the four-track railroad to Brush Creek. This conduit is located at one side of an arched underpass, ten feet wide, through which a narrow roadway is also carried under the railroad tracks. The culvert is distant over 1,200 feet, along the watercourse, from plaintiff's property, and the top of the pipe is level with, or perhaps some inches below (testimony differs on this point), the surface of the road. Plaintiff's property at its lowest point, where it borders the watercourse, is five and one-half to six feet higher than the surface of the underpass road, and as it approaches the railroad, nine and one-half to twelve feet higher. A consideration of these facts makes it plain that even a total obstruction of the two-foot culvert

would not possibly account for the flooding of plaintiff's property. The evidence clearly demonstrates that if the waters of the stream for any cause failed to pass through the conduit, they would flow over the road through the underpass, and not upon plaintiff's land.

The physical situation being as above described, it is useless to discuss other questions raised by plaintiff.

Judgment of nonsuit is affirmed.